## KOSON v KOSON

Common Pleas Court, Cuyahoga Co

No 273114. Decided Sept 18, 1941

Hal C. Steglat, Cleveland, for plaintiff.

John J. Sheehan, Cleveland, for defendant.

## OPINION

By McNAMEE, J.

On June 2nd, 1927, the defendant herein obtained a decree of divorce from plaintiff upon her cross petition, on the ground of extreme cruelty. By the terms of the original decree custody of a minor child, Fred Koson, then five years of age, was given to the defendant during that part of each year when the child would be in school, and to the plaintiff during the summer vacation periods of each year.

On October 3rd, 1928, in accordance with an agreement between the parties the original decree was modified to grant the defendant the exclusive care and custody of said child subject to the plaintiff's rights of visitation, and plaintiff was ordered to pay the sum of $5.00 per week for the support and maintenance of said minor child until the child attained the age of sixteen years.

Sometime thereafter defendant remarried one Edward Morley. In the year 1940 Edward Morley, as stepfather of the child, instituted adoption proceedings in Probate Court. On October 11th, 1940, this Court approved the consent of the mother, defendant herein, to the adoption of said minor child by his stepfather. The child at the time of said adoption was over eighteen years of age. The concluding paragraph of the journal entry of this Court approving the mother's consent to the adoption of the child reads:

"Because of said approval the jurisdiction of the Court over said child is now terminated."

In the January, 1941 term, defendant filed a motion asking that the accrued arrearages on the order of support of October 23rd, 1928, amounting to $2600 be reduced to judgment in her favor against the plaintiff. Plaintiff challenges the jurisdiction of this Court to enter judgment upon said motion, asserting that the Court is now without jurisdiction of the persons and subject matter of the motion. **Sec. 10512-11 GC,** reads, in part, as follows:

"In any adoption proceedings written consents must be given to such adoption as follows * * * (d) by the parent awarded custody of child by divorce decree provided the Court which granted such decree approves of such consent, whereupon the jurisdiction of such court over such child shall cease."

The first paragraph of the syllabus in **Corbett v Corbett, 123 Oh St 76,** reads:

"A decree of divorce terminating the marriage contract of parents who have minor children, which decree provides for the custody, care and support of such minor or minors by the parents respectively during such minority or for a lesser period of time, named in the decree, continues the jurisdiction

of the court for such period without any express reservation in the decree itself."

In **Heckert v Heckert, 57 Oh Ap 421,** at page 430, of the Opinion, the Court says:

"It is, however, well recognized that the jurisdiction of the Common Pleas Court to award custody of children is limited to awarding custody of the minor children of the parties, and the continuing jurisdiction of the Common Pleas Court to modify its decree of custody and support can exist no longer than the minority of the child or children of the parties."

In **Deming v Deming, 14 OO 314,** which was a case decided by the Common Pleas Court of Lucas County on March 20, 1939, the Court held:

"The jurisdiction of the Common Pleas Court to modify an agreement for support incorporated in the decree terminates when the child ceases to be a minor; therefore, where a father has agreed to support his daughter until she reaches the age of 23, his application for discontinuance of her support because she married upon reaching 21 will be denied."

It may be asserted consistently with the foregoing pronouncements of the courts that when a minor ceases to be a ward of the Common Pleas Court before reaching his majority, the jurisdiction of such court ceases upon the happening of such event.

In a divorce case where the jurisdiction of the Common Pleas Court is continued for the sole purpose of exercising judicial supervision and control over the custody and ▮▮▮▮▮▮ maintenance of a minor child loss of jurisdiction for such purpose puts an end to the court's jurisdiction for all purposes. In a divorce case the Court's jurisdiction of a minor child continues as long as such child remains a ward of the court. With the termination of that relationship there remains no basis in law for the exercise of further jurisdiction.

In the instant case the Court was without authority to make ▮▮▮▮▮▮ any order affecting the custody and support of Fred Koson, Jr., after it relinquished jurisdiction of said minor on October 11, 1940. This Court cannot now modify any such order previously made. In **Meister v Day, 20 Oh Ap 224,** the Court approved the procedure of filing a motion to modify a continuing order of alimony payable in installments by reducing the accrued arrearages to a lump sum judgment. Such approval was limited to those cases where a motion for judgment is filed while a continuing order is in effect and at a time when the Court has jurisdiction of the subject matter. A much different situation is presented in the instant case. There was no order of support in effect at the time the motion for judgment was filed, and several months prior to the filing of such motion the court surrendered jurisdiction over the minor. Defendant seeks no modification of a continuing order of support. She asks that the Court award her judgment against plaintiff, upon motion, for the amount of the accrued arrearages. She asserts that the unpaid arrearages constitute a debt owing by the plaintiff to her and that this Court retains jurisdiction of the parties and the subject matter for the purpose of entering judgment for the amount of the unpaid installments on the original order of support. It may be pertinent to inquire when the continuing jurisdiction of the Court in this case terminates if not upon the relinquishment of jurisdiction of the minor child. If such event does not end the Court's jurisdiction it follows that the Court retains jurisdiction of the case until judgment is entered against plaintiff for the amount of the arrearages. If this were true a motion for judgment filed by the defendant 25 years from now would be no less efficacious than the present motion for such purpose which was filed a few months after the adoption of the child. The statute of

limitations does not run as against such motion. The statute of limitations refers to the time within which a civil action may be commenced. (§11218 GC et seq.). Consequently if defendant's contention were adopted as correct plaintiff could not avail himself of the defense of the statute of limitations irrespective of the length of time that elapsed before a motion for judgment was filed. Nor could he demand a jury trial although the motion sought only the recovery of money as upon a debt.

Jurisdiction of the subject matter is an essential prerequisite to a valid judgment. In my opinion this Court lost jurisdiction of the subject matter of this motion when it surrendered jurisdiction of the minor child which was the sole basis for its continuing jurisdiction in this case. Defendant has lost no rights. She may proceed by separate action to recover the amount due. (Pretzinger v Pretzinger, 45 Oh St 452).

For the foregoing reasons plaintiff's motion to strike from the files defendant's motion for judgment is granted.